UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RIDE-AWAY HANDICAP EQUIPMENT
CORPORATION,

    Plaintiff,

v.                                          CASE NO: 8:09-cv-2298-T-23TBM

JENNIFER F. TRACEY, et al.,

    Defendants.
_____/

## **ORDER**

The plaintiff sues (Doc. 1) Jennifer F. Tracey, John Gentilella, and Mobility Freedom, Inc., ("Mobility Freedom") for breach of contract, tortious interference, and defamation. The plaintiff employed Tracey and Gentilella as sales agents for the Tampa area. As a condition of employment by the plaintiff, Tracey and Gentilella each signed a "Non-Competition Agreement" in which Tracey and Gentilella agree that "all office records, information, discussions, identity of clients, techniques, business operations and methods of [the plaintiff] shall be kept in strict confidence." (Doc. 1, ¶ 19) Tracey and Gentilella also agree not to engage "in any business, for profit or otherwise which would be directly or indirectly competitive to or with the [plaintiff], or would in any way be substantively competitive with the [plaintiff] . . . for a radius of two hundred (200) miles from any current and future Company locations including . . . Tampa, FL for a period of one (1) year from the date of the [employee's]

termination of employment with the Company." (Doc. 1, ¶ 21)  On June 26, 2009, Gentilella resigned from his employment with the plaintiff, and on July 7, 2009, Tracey resigned.  The plaintiff alleges that, shortly after resigning, Tracey and Gentilella began working for the defendant Mobility Freedom, which competes with the plaintiff for clients in the Tampa area.  On July 27, 2009, the plaintiff sent a letter to both Tracy and Freedom Mobility threatening legal action to enforce the non-compete agreement.  A September 16, 2009, letter to Freedom Mobility threatens legal action if Freedom Mobility continues to employ Gentilella.

The plaintiff moves (Doc. 2) for a temporary restraining order and alleges that, absent immediate, ex parte relief, the plaintiff will suffer irreparable injury without either meaningful procedural protection or the possibility of effective redress.  In particular, the plaintiff's prospective injury, includes "loss of clients and disclosure of confidential information, the specialized and extraordinary training providing to Defendants Tracey and Gentilella, loss of goodwill, and continued damage to [the plaintiff's] reputation." (Doc. 2, ¶ 11)

To establish entitlement to the requested relief, the plaintiff must show (1) a substantial likelihood of success on the merits; (2) an irreparable injury to the plaintiff in the absence of the injunction; (3) a threatened injury to the plaintiff that exceeds any injury to the defendants caused by the injunction; and (4) the absence of a material adverse consequence to the public.  Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003).   The plaintiff's presentation on the

merits, although impossible to assess with confidence, appears to state a claim not unlikely to succeed.[*]

However, the plaintiff fails to show that notice to the defendants is impractical or impossible due to the threat of an immediate and irreparable injury.  Apparently electing to incur allegedly irreparable harm for about one-third of the year available under the restrictive covenant, the plaintiff waited nearly four months before seeking to enjoin the defendants' behavior.  Although the plaintiff alleges irreparable harm, the plaintiff alleges no imminent increment of irreparable harm--due to occur in the next few days--that justifies enjoining the defendants before the benefit of a hearing on a preliminary injunction.  See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County., 415 U.S. 423, 432 n.7 (1974) ("The 1966 Amendments to Rule 65(b), requiring the party seeking a temporary restraining order to certify to the court in writing the efforts, if any, which have been made to give either written or oral notice to the adverse party or his attorney, were adopted in recognition of the fact that informal notice and a hastily arranged hearing are to be preferred to no notice or hearing at all.").

---

[*] In the motion and memorandum in support of a temporary restraining order, the plaintiff apparently seeks to apply New Hampshire law to this dispute.  Given the ambiguity of the "governing law" provision of the contracts (and the availability of only minimal factual allegations from which to choose the applicable law), the application of New Hampshire law seems far from certain.  Nevertheless, the choice of law effects no change in the current analysis because the non-compete provision initially appears valid under either New Hampshire or Florida law.  Cf. (Doc. 3 at 12-17) (discussing non-compete agreements under New Hampshire law) with § 542.335(1), Florida Statutes ("enforcement of contracts that restrict or prohibit competition during or after the term of restrictive covenants, so lang as such contracts are reasonable in time, area, and line of business, is not prohibited."); Milner Voice & Data, Inc. v. Tassy, 377 F. Supp. 2d 1209 (S.D. Fla. 2005). (finding reasonable a one-year restriction on competition within the geographic area where the employee worked for the plaintiff-employer).

Accordingly, the plaintiff's motion (Doc. 2) for a temporary restraining order is **DENIED**. The plaintiff's motion (Doc. 2) for a preliminary injunction is **REFERRED** to United States Magistrate Judge Thomas B. McCoun for a report and recommendation.

A status hearing on the motion for a preliminary injunction is set for **10:00 A.M.** on **Monday, November 16, 2009**, before the Honorable Thomas B. McCoun in Courtroom 12B, United States Courthouse, 801 N. Florida Avenue, Tampa, Florida.

ORDERED in Tampa, Florida, on November 10, 2009 at 7:39 p.m.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE