UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RIDE-AWAY HANDICAP EQUIPMENT
CORPORATION,

    Plaintiff,

v.                                                    CASE NO: 8:09-cv-2298-T-23TBM

JENNIFER F. TRACEY, et al.,

    Defendants.
_____/

## O R D E R

Pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b), a November 23, 2009, order (Doc. 13) refers the plaintiff's motion (Doc. 12) for a preliminary injunction to the United States Magistrate Judge for a report and recommendation. Following the Magistrate Judge's December 29, 2009, report (Doc. 30), the defendants object (Doc. 38) and the plaintiff responds (Doc. 40) in opposition to the objections.

To the extent the defendants object that the magistrate's "findings are based on inadmissible evidence," the objection (Doc. 38 at 2-10) is unfounded and **OVERRULED**. To the extent the defendants object to the preliminary injunction extending longer than one year after the termination of the defendant's employment, the objection (Doc. 38 at 10-11) is **SUSTAINED**. In their employment contracts with the plaintiff, the defendants Tracey and Gentillela covenant not to compete with Ride-Away "for a period of one (1) year from the date of Employee/Promisor's termination of employment with [Ride-Away]." Extending a preliminary injunction beyond one year both improperly expands the

defendants' obligations under the employment agreement and conflicts with the purpose of a temporary injunction, which issues to preserve the status quo between the parties. See Maddog Software, Inc. v. Sklader, 382 F. Supp. 2d 268, 282 (D.N.H. 2005) ("[E]xtending the term of the non-competition provision for an arbitrary period stretching well beyond what the parties bargained for would put [the employer] in a considerably better position, and [the employee] in a considerably worse one, than the parties put themselves in when they signed the contract.").

The Magistrate Judge's report and recommendation (Doc. 30) is **ADOPTED IN PART** and **REJECTED IN PART**. To the extent the magistrate recommends a one-year duration for the preliminary injunction, the report (Doc. 30) is **REJECTED**. The report is otherwise **ADOPTED**. The plaintiff's motion (Doc. 12) for a preliminary injunction is **GRANTED IN PART** as follows.

**Effective at 5:00 p.m. on February 3, 2010**, and conditioned upon the plaintiff's posting of a **good and sufficient bond in the amount of $10,000.00**, the defendants Jennifer F. Tracey and John Gentilella[*] are **PRELIMINARILY ENJOINED** from, within 200 hundred miles of Ride-Away's Tampa, Florida, office:

(1) directly or indirectly selling or servicing a handicapped-modified vehicle to a past or existing Ride-Away client with whom Tracey or Gentilella conducted business while employed by Ride-Away;

---

   * Governing the scope of an injunction, Rule 65(d)(2), Federal Rules of Civil Procedure, states: "The order binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)."

(2) using or disclosing any of Ride-Away's confidential or proprietary information, including any client list; business plan, process, or technique; and pricing or other financial information.

Tracey and Gentilella shall promptly return any Ride-Away property retained since termination of employment in Ride-Away. With respect to the Tracey, this injunction shall remain in effect until **July 7, 2010**, or until modified or dissolved by further court order. With respect to Gentilella, this injunction shall remain in effect until **June 26, 2010**, or until modified or dissolved by further court order. The defendants' request to "withhold ruling for thirty days to permit Defendants to conduct discovery in opposition to the untimely declarations" (Doc. 38 at 11) is **DENIED**.

ORDERED in Tampa, Florida, on February 3, 2010 at 4:59 p.m.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE